UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tobias Chano Lee, #87066, <br> *aka Tobias Lee,* <br><br> Plaintiff, <br><br> vs. <br><br> Michael Higgins, Capt; <br> Kathy Harrell, Assistant Director; <br> Christine Watkins; <br> Sgt; Kevin Isenhoward, Investigator; <br> RCSD; Ronaldo Myers, Director; <br> Capt. Redmond, <br> Alex Thomas Postic, Attorney; <br> Steven Hisker, Attorney; <br> Melissa Kimbrough, Attorney; <br> Carlisle McNair; <br> Kana Rahman Johnson, Attorney, <br><br> Defendant(s). | C/A No. 8:08-1594-GRA-BHH <br><br><br> Report and Recommendation |

_____

Plaintiff, a pre-trial detainee, has filed this matter pursuant to 42 U.S.C. § 1983. He alleges the defendants, some of whom are (or were) his court appointed attorneys, have deprived him of his Constitutional rights by classifying him as an escape risk. Plaintiff claims his case has received "nationwide publicity". He maintains he is being "punished" because the "allege victims son and nephew works at R.C.S.D. (Richland County Sheriff's Department) and thats why I was falsely classified." *See Complaint* @ 3. He also complains that his attorneys are not properly representing him. According to the plaintiff he has "...had emotional break downs to the point where [he] was so oppressed that [he] shake all day..." *Id.* @ 5. Plaintiff alleges he is housed in a disciplinary unit but he claims he not been disciplined. He says he has been in custody for three and a half years without

any "write ups" and he alleges this is his first time in prison.  Plaintiff is being treated for Major Depressive Disorder by a psychiatrist.  He seeks damages and wants to represent himself.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control.  *Wolff v. McDonell*, 418 U.S. 539, 558-562 (1974).  There is no constitutional right for a state or federal prisoner to be housed in a

particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); and *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975), Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984)(collecting cases).

Cases previously decided in this judicial district make it clear that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections (SCDC) from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44, (D.S.C. 1992), (*citing Meachum v. Fano*, 427 U.S. 215 (1976)). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); and *Brown v. Evatt*, 322 S.C. 189, 470 S.E.2d 848 (1996)(South Carolina Supreme Court held that neither state statutes creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications). In fact, it is well settled that the placement of inmates into administrative segregation units is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D.Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983)("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.");[1] *Anderson v. County of Kern*, 45 F.3d 1310, 1316

---

[1] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding in *Hewitt v. Helms* has not been superannuated

(9th Cir. 1995)(prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"), *rehearing denied*, 75 F.3d 448 (9th Cir. 1995), *cert. denied*, *County of Kern v. Anderson*, 516 U.S. 916 (1995); and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)(if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight").

Since the Plaintiff has been charged and placed in a detention center pending trial, the choices of where and how the plaintiff is to be confined are to be determined by the detention center staff. Although the plaintiff seeks a transfer to a more favorable custody classification, defendants' classification of plaintiff and institutional placement have not violated the his constitutional rights. *See Wolff v. McDonnell*, 418 U.S. at 558-562; and *Mann v. Leeke*, 73 F.R.D. 264, 265-267 & n. 6 (D.S.C. 1974), *affirmed*, 551 F.2d 307 (4th Cir. 1977) [Table]. *See also Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976)(federal courts are not "to assume the role of super wardens of state penal institutions").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams, supra*; *Haines v. Kerner, supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the

---

by later case law.

court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

Greenville, South Carolina
June 4, 2008

***The plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).