UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tobias Chano Lee, #87066, ) | C/A No.: 8:08-cv-1594-GRA-BHH |
| *a/k/a* Tobias Lee, ) | |
| ) | **ORDER** |
| Plaintiff, ) | |
| ) | (Written Opinion) |
| v. ) | |
| ) | |
| Michael Higgins, Capt; ) | |
| Kathy Harrell, Assistant Director; ) | |
| Christine Watkins, Sgt.; ) | |
| Kevin Isenhoward, Investigator; ) | |
| RCSD; Ronaldo Myers, Director; ) | |
| Capt. Redmond; ) | |
| Alex Thomas Postic, Attorney; ) | |
| Melissa Kimbrough, Attorney; ) | |
| Steven Hisker, Attorney; ) | |
| Carlisle McNair; ) | |
| Kana Rahman Johnson, Attorney, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on June 4, 2008, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. The magistrate recommends that this Court dismiss the complaint *without prejudice* and without issuance and service of process.

## **Standard of Review**

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on June 23, 2008.

**Discussion**

Plaintiff's objections merely restate his original complaint and fail to adequately address any actual injury or specific harm, as is required by this Court. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. However, the Court will address one portion of Plaintiff's objections.

Plaintiff states that "when I say my Constitutional Rights were violated, I meant I was repeatedly denied the right to waive my attorney and move to represent myself." (Plaintiff's Objections 1.) He further claims that the defendants have deprived him of his right to access the law library. (Pl's Objs. 2.)

First, the Court notes that Plaintiff is a pre-trial detainee who has not yet been to trial. Next, the plaintiff states that the judge in his pending trial granted his request to waive counsel and to represent himself *pro se*. (Pl's Objs. 2.) Finally, he states that he was recently granted permission to go to the law library once a week for two hours. (Pl's Objs. 3.) The Court is hard-pressed to find that at this time, Plaintiff's constitutional rights have been violated. As one court noted:

> To support his denial of access to a law library claim under 42 U.S.C.1983, [the plaintiff] would have to first establish that his attorneys were ineffective. Were [the plaintiff] to assert an ineffective assistance of counsel claim, he would have to assert that claim in a post-trial appeal or a habeas proceeding. Only *after* a plaintiff has established that his conviction or sentence is invalid can a plaintiff then assert a 1983 claim for damages caused by unlawful government actions which resulted in his invalid conviction or sentence. If the conviction or sentence has not been so invalidated, an action under 1983 is not cognizable.

*Vialpando v. Sullivan*, No. 95-1211, 1996 WL 128129, at *2 (10th Cir. March 22, 1996) (citation omitted).  Following this reasoning, the Court finds that Plaintiff's objection is without merit.

### Conclusion

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS HEREBY ORDERED that Plaintiff's complaint be DISMISSED *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July  1 , 2008